IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02719-DDD-NRN

HERCULES INDUSTRIES, INC., a Colorado corporation,

Plaintiff,

v.

YOGAPIPE, INC. a Delaware corporation,

Defendant.

ORDER ON
PLAINTFF'S CORRECTED MOTION TO CONSOLIDATE
(Dkt. #15)

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiff's Corrected Motion to Consolidate this case with another pending case in the Court, *Hercules Industries, Inc. v. Hartford Fire Insurance Company,* Civ. No. 1:21-cv-3063-SKC (Dkt. #15). The motion was referred to me on December 22, 2021 by Judge Domenico (Dkt. #22).

Federal Rule of Civil Procedure 42(a)1 provides that "[i]f actions before the court involve a common question of law or fact, the court may [. . .] consolidate the actions." The decision whether to consolidate actions is discretionary. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Relevant considerations include whether consolidation would promote convenience, expedition, and economy while affording justice to the parties. *Id.* The party moving for consolidation bears the burden of proving that consolidation is desirable. 5 James W. Moore & Jeremy C. Wicker, *Moore's Fed. Prac.* P 42.04[1], p. 42-6 (1994) (citing cases).

This case involves the failure of certain piping ("Yoga Pipe") used in the construction of an HVAC system in an apartment building complex in Salt Lake City, Utah. Plaintiff, Hercules Industries, Inc., is a distributor of the piping, which it purchased from Defendant, Yogapipe, Inc. (also a distributor of the piping), which originally was made by a German firm in Germany.

After the failure of the piping, the contractor on the construction job filed a claim against Hercules for the cost of remediating the damage to the complex caused by the defective pipe. In this action, Hercules seeks indemnification from Yogapipe, which sold Hercules the allegedly defective product. It is represented in pleadings that the German piping manufacturer has sought bankruptcy protection under the laws of Germany.

Hercules seeks to consolidate this case with an insurance coverage case that it filed against Hartford Fire Insurance Company, currently pending before Judge Kato S. Crews (the "Insurance Case"). In the Insurance Case, Hercules alleges that the loss is covered by the commercial liability policy issued to it by Hartford Fire Insurance Company, that the insurance company has breached the contract of insurance by not acting on the claim and is subject to statutory claims for unreasonable delay and denial, entitling Hercules to two times the amount of the claim, plus attorney's fees.

I agree with Defendant YogaPipe that this action should not be consolidated with the Insurance Case. While the two cases arise out of the same event (the failure of the piping installed in the apartment complex), the legal claims are far different in each suit. In the Insurance Case, Hercules asserts breach of contract and statutory insurance benefits claims against the insurer. By contrast, in this case, Hercules asserts strict products liability, warranty, and common law indemnification claims against YogaPipe.

The differences predominate over the limited common fact issues. While the cause of the piping failure may be a factual question that needs to be addressed in both cases (although it may not be essential to the Insurance Case), the critical questions in a bad faith/unreasonable delay insurance case generally stem from the conduct of the insurer and whether the insurer's investigation and basis for denial is reasonable. Any common factual issues between the two cases will likely be overwhelmed by the differences, and it makes no sense to involve YogaPipe in a lawsuit between Hercules and its insurer.

Therefore, it is **ORDERED** that Plaintiff Hercules' Motion to Consolidate (Dkt. #15) is **DENIED.**

Dated January 7, 2022

N. Reid Neureiter
United States Magistrate Judge